```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DEMOS P. DEMOPOULOS, MICHAEL              *
SPINELLI, LAWRENCE CUOMO, and             *
ROBERT PATRIZIO, as                       *
Trustees and Fiduciaries of the LOCAL 584 *
PENSION TRUST FUND,                       *
                                          *          COMPLAINT
                        Plaintiffs,       *
                                          *
        - against -                       *
                                          *
ROLLIN DAIRY CORP.,                       *
                                          *
                        Defendant.        *
---------------------------------------------------------------X
```

The Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Local 584 Pension Trust Fund (the "Pension Fund"), by their attorneys, Friedman & Anspach, allege as follows:

INTRODUCTION

1. The Trustees bring this action to compel Defendant Rollin Dairy Corp. ("Defendant") to submit unpaid and delinquent contributions for the period from April 1, 2020 through the present, plus statutory damages, including interest, the greater of additional interest or liquidated damages, and reasonable attorney's fees and costs.

2. In bringing this action, the Trustees are enforcing the terms of the trust agreement governing the Pension Fund (the "Trust Agreement"), as well as the collective bargaining agreements between Defendant and Local 553, I.B.T.[1] ("Local 553" or the "Union"). This action is based on the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq. Specifically, Plaintiffs invoke Section 502(a)(3) of ERISA,

---
[1] Formerly, Local 584, I.B.T. ("Local 584").

1

29 U.S.C. § 1132(a)(3), in that they seek to enforce terms of the Trust Agreement and to prevent violations of Section 515 of ERISA, 29 U.S.C. § 1145.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Defendant conducts business in this District.

## PARTIES

5. The Pension Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). It was established pursuant to the terms of various collective bargaining agreements the Union and various employers who are required to make contributions to the Pension Fund on behalf of their employees who are covered by the collective bargaining agreements. The Pension Fund provides various pension benefits to covered employees, retirees, and their dependents. The Pension Fund is operated pursuant to the terms of the Trust Agreement.

6. The Pension Fund's principal office is located at 265 West 14th Street, Suite# 902, New York, New York 10011.

7. The Trustees are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are fiduciaries of the Pension Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Defendant is a New York corporation that maintains its principal place of business at 1320 Motor Parkway, Islandia, New York 11749, and has employed at least one employee covered by a collective bargaining agreement with Local 553.

## BACKGROUND

9. Defendant has been a party to and bound by a continuous series of collective bargaining agreements with Local 553 and its predecessor, Local 584, since at least 2008.

10. Defendant is also a party to and bound by the Adoption Agreement, which incorporates the contribution rates set forth in the Local 584 Pension Rehabilitation Plan.

11. At all relevant times, Defendant was bound by the Trust Agreement, which is incorporated into the collective bargaining agreements by reference.

12. The last collective bargaining agreement between Defendant and Local 553 was effective from September 1, 2017 through August 31, 2020.

13. Unless and until Defendant and Local 553 agree to a new collective bargaining agreement or otherwise change the existing terms of employment, Defendant must maintain and adhered to the terms of their last collective bargaining agreement in accordance with the National Labor Relations Act, 29 U.S.C. §§ 151-169.

14. Under the collective bargaining agreements, Defendant was, and continues to be, obligated to make contributions to the Pension Fund for certain work performed by its employees ("covered work").

15. Pursuant to the terms of the collective bargaining agreements and Article VI, Section 1 of the Trust Agreement, Defendant was required to submit written reports of hours worked in covered employment each month ("remittance reports"), and to submit contributions reflected in the remittance reports.

16. Pursuant to the collective bargaining agreement and the Adoption Agreement, Defendant is required to contribute $4.50 per hour for all covered work performed by its bargaining unit employees other than the "Constance Food [group] and MILA employers' participants in the Utility class hired after 9/1/11" during the period from April 1, 2020 to March 31, 2021, and $4.70 per hour during the period from April 1, 2021 to March 31, 2022.

17. Pursuant to the collective bargaining agreement and the Adoption Agreement, Defendant was required to contribute $1.90 per hour for all covered work performed by its bargaining unit employees in the "Constance Food Group and MILA employers' participants in the Utility class hired after 9/1/11" during the period from April 1, 2020 to March 31, 2021, and $1.95 per hour during the period from April 1, 2021 to March 31, 2022.

18. Defendant has not made any contributions on behalf of its employees for covered work in accordance with its obligation under the collective bargaining agreements, the Trust Agreement, and the Adoption Agreement since April 1, 2020.

19. For the month of April 2020, Defendant has refused and failed to pay contributions totaling $27,328.00.

20. For the month of May 2020, Defendant has refused and failed to pay contributions totaling $35,440.00.

21. For the month of June 2020, Defendant has refused and failed to pay contributions totaling $28,352.00.

22. For the month of July 2020, Defendant has refused and failed to pay contributions totaling $35,440.00.

23. For the month of August 2020, Defendant has refused and failed to pay contributions totaling $28,768.00.

24. For the month of September 2020, Defendant has refused and failed to pay contributions totaling $28,768.00.

25. For the month of October 2020, Defendant has refused and failed to pay contributions totaling $35,960.00.

26. For the month of November 2020, Defendant has refused and failed to pay contributions totaling $28,768.00.

27. For the month of December 2020, Defendant has refused and failed to pay contributions totaling $28,768.00.

28. Article VI of the Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) authorize the Trustees to bring an action to enforce an employer's obligations to the Pension Fund under its collective bargaining agreements with Local 553, including the obligation to make contributions to the Pension Fund.

29. Article VI, Section 3 of the Trust Agreement, with the sanction of Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), require payment of interest on unpaid contributions at the rate of eighteen percent (18%) per annum.

30. Article VI, Section 3(c) of the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), further provide for payment of the greater of liquidated damages in an amount equal to twenty percent (20%) of unpaid contributions or an amount equal to the interest on unpaid contributions.

31. Article VI, Section 3(a) of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g), also provide that in an action to collect delinquent contributions the Court shall award reasonable attorneys' fees and costs.

32. Any failure by Defendant to pay contributions to the Pension Fund promptly when due is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

33. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: unpaid contributions; interest on the unpaid contributions at the rate of 18% per annum; an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; reasonable attorneys' fees and costs of the action; and such other relief as the Court deems appropriate.

## FIRST CAUSE OF ACTION

34. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 as if the same were fully set forth herein.

35. Defendant failed to make contributions at the rates set forth in the collective bargaining agreements and/or the Adoption Agreement in the total amount of $277,592.00 for the period from April 1, 2020 through December 31, 2020.

36. Defendant is liable for a total of $277,592.00 in delinquent contributions for the period from April 1, 2020 through December 31, 2020, plus interest on the delinquent contributions at the rate of eighteen percent (18%) per annum; plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.   <u>On the First Cause of Action:</u>

(1)   An Order holding Defendant liable for unpaid contributions owed pursuant to the collective bargaining agreements, the Adoption Agreement, the Trust Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145, for the period from April 1, 2020 to December 31, 2020 in the amount of $111,296.00, and further unpaid contributions from January 1, 2021 to the date of the judgment;

(2)   An Order holding Defendant liable for payment of interest on all delinquent contributions at the rate of eighteen percent (18%) per annum, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3)   An Order holding Defendant liable for payment of the greater of additional interest at the rate of eighteen percent (18%) per annum, or liquidated damages equal to twenty percent (20%) of unpaid contributions, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) An Order holding Defendant liable for payment of an award of all attorneys' fees and costs, in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

(5) Such other and further equitable relief as this Court deems appropriate.

Dated: January 11, 2021
      New York, New York

By:    /s/_____
Jae W. Chun (JC-1891)

FRIEDMAN & ANSPACH
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500
jchun@friedmananspach.com

Attorneys for Plaintiffs

4840-0241-6598, v. 1